## THE GENEVA.

Circuit Court of Appeals, Second Circuit. April 10, 1911.)

No. 90.

SHIPPING (§ 16*)—NAVIGATION RULES—PENALTY FOR VIOLATION.

Inland Navigation Rules June 7, 1897, c. 4, § 2, 30 Stat. 102 (U. S. Comp. St. 1901, p. 2884), authorizes the supervising inspector general to establish rules and regulations to be observed by passing vessels. Section 3 provides that every pilot, engineer, mate, or master who neglects or refuses to observe the provisions of the act, or of the regulations prescribed, shall be liable to a penalty of $50; while section 4 provides that every vessel navigated "without complying with the provisions of this act" shall be liable to seizure and to a penalty of $200. *Held*, that a vessel cannot be subjected to such penalty for a failure to observe the inspector's regulations only.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 30–44; Dec. Dig. § 16.*]

Appeal from the District Court of the United States for the Southern District of New York.

Libel in admiralty by the United States against the steam tug Geneva; the Lehigh Valley Transportation Company, claimant. Decree for respondent, and libelant appeals. Affirmed.

Henry A. Wise, U. S. Atty. (A. S. Pratt, Asst. U. S. Atty., of counsel), for the United States.

Burlingham, Montgomery & Beecher (W. S. Montgomery, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The libel claimed a penalty of $200 from the vessel on account of an alleged violation of rule 8 of the pilot rules of inland waters, adopted by the Board of United States supervising inspectors. The libel avers that, while navigating in the North River, the Geneva encountered the ferry boat Goshen; the vessels being on crossing courses with the Geneva on the starboard hand of the Goshen, which made the Geneva the privileged vessel. The rules prescribed by Act June 7, 1897, c. 4, 30 Stat. 102 (U. S. Comp. St. 1901, p. 2884), direct what each vessel shall do in such a situation. They do not require either to give a whistle signal indicating what course it is about to take.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The board of supervising inspectors, however, under authority conferred by section 2 of the act of 1897, has established rules "to be observed by steam vessels in passing each other." Rule 8 provides that, when vessels are in the situation above described, "the steamer having the other on her own port bow shall blow one blast of her whistle," etc. It is not alleged that the Geneva violated any of the provisions of the act itself as to navigation, but only that it violated this particular inspectors' rule by failing to sound a whistle.

In order to enforce obedience to the provisions of the act and to the regulations established by the board of inspectors under its authority, the two following sections are therein incorporated:

"Sec. 3. That every pilot, engineer, mate, or master of any steam vessel, and every master or mate of any barge or canal boat, who neglects or refuses to observe the provisions of this act, or the regulations established in pursuance of the preceding section, shall be liable to a penalty of fifty dollars, and for all damages sustained by any passenger in his person or baggage by such neglect or refusal: Provided, that nothing herein shall relieve any vessel, owner or corporation from any liability incurred by reason of such neglect or refusal."

"Sec. 4. That every vessel that shall be navigated without complying with the provisions of this act shall be liable to a penalty of two hundred dollars, one-half to go to the informer, for which sum the vessel so navigated shall be liable and may be seized and proceeded against by action in any District Court of the United States having jurisdiction of the offense."

There is a marked difference between these two sections. Where it is a question of punishing the individual offender—pilot, engineer, master, etc.—the penalty is imposed for neglect or refusal "to observe the provisions of this act, or the regulations established in pursuance of the preceding section." Where it is a question, however, of seizing the vessel, the penalty imposed is for navigating "without complying with the provisions of this act," and nothing is said about not complying with the regulations. Evidently Congress must have understood that there was some distinction between the provisions of the act and the regulations of the inspectors, or it would not have used different phraseology in these two adjacent sections.

We must assume that this change of phraseology was with some intelligent purpose, and the only intelligent purpose we can conceive is that the ship itself should be seized and penalty exacted only when it had been navigated without complying with the provisions of the act itself. The Geneva, so far as the libel shows, violated no "provision of the act."

The judgment is affirmed.